HANSON BRIDGETT LLP
DIANE MARIE O'MALLEY, SBN 139166
domalley@hansonbridgett.com
WINSTON K. HU, SBN 306677
whu@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Defendant
WELLTOWER COGIR TENANT, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XENIA CESILIA DE ALBA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COGIR MANAGEMENT USA INC.; WELLTOWER COGIR TENANT, LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:22-cv-01568-AC<br><br>**DEFENDANT WELLTOWER COGIR TENANT, LLC'S NOTICE OF REMOVAL AND REMOVAL PURSUANT TO 28 U.S.C. § 1446(a), DIVERSITY JURISDICTION (29 U.S.C. § 1332(a) (1), AND THE CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA") (29 U.S.C. § 1332(d))**<br><br>*(San Joaquin County Superior Court Case No. STK-CV-UOE-2022-5540)*<br><br>Action Filed:    June 30, 2022 |

18892223.1

# TABLE OF CONTENTS

Page

I.  PROCEDURAL BACKGROUND ................................................................4

II.  VENUE IS PROPER ...............................................................................5

III.  STATEMENT OF JURISDICTION .......................................................5

IV.  REMOVAL IS TIMELY .........................................................................6

V.  PLAINTIFF ASSERTS A CLASS ACTION ............................................6

VI.  JURISDICTION BASED UPON DIVERSITY OF CITIZENSHIP .................7

    A.  Defendants' Citizenships Are Diverse To Plaintiff's Citizenship Under 28 U.S.C. 1332(a) ....................................................................................7

        1.  Plaintiff Is A Citizen Of California ..............................................7

        2.  Defendants Are Not Citizens Of California .................................7

            a.  Cogir Management Is Not A California Citizen ................7

            b.  Welltower Is Not A California Citizen................................8

VII.  JURISDICTION UNDER CAFA ...........................................................9

    A.  There Is Minimal Diversity Under CAFA ........................................9

    B.  The Amount In Controversy Far Exceeds $5,000,000 .......................9

        1.  Alleged Overtime Violations .....................................................11

        2.  Alleged Meal Period Violations ................................................12

        3.  Alleged Rest Period Violations .................................................13

        4.  Failure to Provide Accurate Itemized Wage Statements.............13

        5.  Waiting Time Penalties .............................................................14

        6.  Attorney's Fees ........................................................................14

        7.  Plaintiff's Other Claims Further Increase the Amount in Controversy ...............................................................................14

    C.  Summary of Amount in Controversy ..............................................15

VIII.  NOTICE TO STATE COURT AND TO PLAINTIFF...............................15

IX.  CONSENT TO REMOVAL BY REMAINING NAMED AND SERVED DEFENDANTS....................................................................................16

X.  CONCLUSION ....................................................................................16

DEFENDANT WELLTOWER COGIR TENANT, LLC'S NOTICE OF REMOVAL AND REMOVAL

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Behrazfar v. Unisys Corp.*,
    687 F.Supp.2d 999 (C.D. Cal. 2009) ..................................................................... 10

*Bodner v. Oreck Direct, LLC*,
    No. C 0604756, 2006 WL 2925691 (N.D. Cal. Oct. 12, 2006) ................................ 6

*Dart Cherokee Basin Operating Co. v. Owens*,
    574 U.S. 81 (2014) ................................................................................................. 5, 6

*Davis v. HSBC Bank Nevada, N.A.*,
    557 F.3d 1026 (9th Cir. 2009) .................................................................................. 9

*Ehrman v. Cox Communications, Inc.*,
    932 F.3d 1223 (9th Cir. 2019) .................................................................................. 7

*In re Ford Motor Co./Citibank*,
    264 F.3d 952 (9th Cir. 2011) .................................................................................. 14

*Fristoe v. Reynolds Metals Co.*,
    615 F.2d 1209 (9th Cir. 1980) ................................................................................ 16

*Gant v. ALDI, Inc.*,
    2020 WL 1329909 (C.D. Cal. March 20, 2020) .................................................... 12

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ................................................................................ 14

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) .................................................................................................... 8

*Industrial Tectonics, Inc. v. Aero Alloy*,
    912 F.2d 1090 (9th Cir. 1990) .................................................................................. 8

*Johnson v. Columbia Props. Anchorage, LP.*,
    437 F.3d 894 (9th Cir. 2006) .................................................................................... 9

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
    199 F.Supp.2d 993 (C.D. Cal. 2002) ..................................................................... 10

*Lara v. Trimac Transp. Servs. Inc.*,
    No. CV 10- 4280-GHK ........................................................................................... 10

DEFENDANT WELLTOWER COGIR TENANT, LLC'S NOTICE OF REMOVAL AND REMOVAL

*Lewis v. Exxon Mobil Corp.*,
  348 F.Supp.2d 932 (W.D. Tenn. 2004) ................................................................ 15

*Lewis v. Verizon Communications, Inc.*,
  627 F.3d 395 (9th Cir. 2010) ........................................................................... 10

*Lowdermilk v. U.S. Bank Nat'l Ass'n*,
  479 F.3d 994 (9th Cir. 2007) ........................................................................... 14

*Lowery v. Ala. Power Co.*,
  483 F.3d 1184 (11th Cir. 2007) .......................................................................... 9

*McCabe v. General Foods Corp.*,
  811 F.2d 1336 (9th Cir. 1987) ........................................................................... 5

*Moss v. Infinity Ins. Co.*,
  2015 WL 7351395 (N.D. Cal. Nov. 20, 2015) ...................................................... 9

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*
  526 U.S. 344 (1999) ....................................................................................... 6

*Pagel v. Dairy Farmers of Am., Inc.*,
  986 F.Supp.2d 1151 (C.D. Cal. 2013) ................................................................ 14

*Patel v. Nike Retail Servs., Inc.*,
  58 F.Supp.3d 1032 (N.D. Cal. 2014) .................................................................. 12

*Rippee v. Boston Market Corp.*,
  408 F.Supp.2d 982 (S.D. Cal. 2005) ................................................................. 10

*Standard Fire Ins. Co. v. Knowles*,
  133 S.Ct. 1345 (2013) ..................................................................................... 14

*Stanley v. Distribution Alternatives, Inc.*,
  2017 WL 6209822 (C.D. Cal. Dec. 7, 2017) ....................................................... 12

**Statutes**

28 U.S.C. § 84(a) ................................................................................................ 5

28 U.S.C. § 1332 ....................................................................................... *passim*

28 U.S.C. § 1441 ...................................................................................... 3, 4, 5

28 U.S.C. § 1446 ....................................................................................... *passim*

28 U.S.C. § 1453(b) ...................................................................................... 3, 5

Cal. Bus. & Prof. Code § 17200 ............................................................................ 4

Cal. Bus. & Prof. Code § 17208 ........................................................................... 11

DEFENDANT WELLTOWER COGIR TENANT, LLC'S NOTICE OF REMOVAL AND REMOVAL

Cal. Civ. Proc. Code § 338(a) ..................................................................................... 11

Cal. Civ. Proc. Code § 382 ............................................................................................ 8

Class Action Fairness Act of 2005 (CAFA) ......................................................... *passim*

Lab. Code § 203 ............................................................................................................ 14

Lab. Code § 226(e)(1) ................................................................................................... 14

Lab. Code § 226.7(c) .............................................................................................. 12, 13

**Other Authorities**

Rule 8(a) ......................................................................................................................... 5

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF XENIA**

2  **CESILIA DE ALBA AND HER COUNSEL OF RECORD:**

3      **PLEASE TAKE NOTICE** that Defendant WELLTOWER COGIR TENANT, LLC

4  ("Welltower") hereby removes to this Court the state court action described below, pursuant to 28

5  U.S.C. §§ 1332, 1441, 1446 and 1453. In support thereof, Welltower states as follows:

6                    **I.     PROCEDURAL BACKGROUND**

7      On June 30, 2022, Plaintiff XENIA CESILIA DE ALBA ("Plaintiff") filed a putative Class

8  Action Complaint ("Complaint") in the Superior Court of the State of California for the County of

9  San Joaquin, entitled *Xenia Cesilia De Alba v. Cogir Management USA Inc., et al.*, Case No. STK-

10 CV-UOE-2022-5540 (the "State Court Action").

11     Plaintiff's Complaint asserts the following nine causes of action: (1) Failure to Pay

12 Minimum Wages; (2) Failure to Pay Overtime Compensation; (3) Failure to Provide Meal Periods;

13 (4) Failure to Authorize and Permit Rest Breaks; (5) Failure to Reimburse Necessary Business

14 Expenses; (6) Failure to Provide Accurate Itemized Wage Statements; (7) Failure to Timely Pay

15 Wages During Employment; (8) Failure to Pay All Wages Due Upon Separation of Employment;

16 and (9) Violation of Business and Professions Code Section 17200, *et seq.*

17     On August 9, 2022, Plaintiff personally served a copy of the Complaint and Summons to

18 Welltower.  A true and correct copy of the Complaint that was served on August 8, 2022, is

19 attached as **Exhibit 1**, to this Notice of Removal.

20     As further required by 28 U.S.C. § 1446(a), Welltower hereby provides this Court with

21 copies of all process, pleadings, and orders it received in this action.  True and correct copies of

22 these documents are attached as **Exhibit 2** to this Notice of Removal.  Welltower has not been

23 served with any pleadings, process, or orders besides those attached.

24     Both Welltower and Defendant Cogir Management USA, Inc. ("Cogir Management") have

25 answered the Complaint, and a true and correct copy of Defendants' Answer is attached as

26 **Exhibit 3** to this Notice of Removal.

27     Plaintiff has not yet identified any of the fictitious "Doe" defendants identified in the

28 Complaint, and the citizenship of "Doe" defendants is disregarded for the purposes of removal.

18892223.1

1   28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

## II.    VENUE IS PROPER

Plaintiff filed the Complaint in the Superior Court for the State of California, County of San Joaquin, which is within this judicial district and division. *See* 28 U.S.C. § 84(a). This Court is thus the proper court for removal under 28 U.S.C. § 1441(a).

## III.    STATEMENT OF JURISDICTION

This Court has original jurisdiction over this action based on two grounds.

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332(a) and is one that may be removed to this Court from the Superior Court of the State of California, County of San Joaquin, where the action was initiated. This action may be removed by Welltower pursuant to the provisions of 28 U.S.C. sections 1441(a), 1453(b) and 1446.

This Court also has original jurisdiction over this action under the Class Action Fairness Act of 2005 (CAFA) in that the Complaint purports to be a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and there is minimal diversity of citizenship between the parties. *See* 28 U.S.C. §1332(d)(2). Additionally, the number of putative class members exceeds 100. *See* 28 U.S.C. §1332(d)(5)(B). Welltower has not previously removed this case under CAFA. Accordingly and as further set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

The United States Supreme Court, in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014), clarified the standards applicable to notices of removal in CAFA cases, confirming a liberal standard in favor of a removing defendant. Specifically, the Supreme Court found that the similarity of language between the removal statute and Rule 8(a) can only mean that the same liberal pleading standards applied to complaints must also apply to notices of removal. *Id*. at 81-82.

The Supreme Court also held in *Dart* that a removing defendant is not required to include evidence with its pleading in order to establish that the elements of federal subject matter jurisdiction are met. *Id*. at 86-87. Only if the Court or another party challenges jurisdiction

18892223.1

1  should the Court require a removing defendant to prove, under the applicable "preponderance"

2  standard, that the jurisdictional requirements are met. "In sum, as specified in § 1446(a), a

3  defendant's notice of removal need include only a plausible allegation that the amount in

4  controversy exceeds the jurisdictional threshold . . . Evidence establishing the amount is required

5  by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's

6  allegation." *Id*. at 89.  In addition, there exists no presumption against removal in CAFA cases,

7  because Congress enacted CAFA specifically "to facilitate adjudication of certain class actions in

8  federal court." *Id*.

9  ## IV.     REMOVAL IS TIMELY

10  This Notice of Removal is timely.  Under 28 U.S.C. § 1446(b), a notice of removal of a

11  civil action must be filed within 30 days after service of the summons and complaint.  *Murphy*

12  *Bros., Inc. v. Michetti Pipe Stringing, Inc*. 526 U.S. 344, 347–348 (1999) (holding that the 30-day

13  removal period runs from the service of the summons and complaint; mere receipt of the papers

14  unattended by any formal service is insufficient to trigger the removal period).

15  On August 9, 2022, Plaintiff's service on the Welltower became effective.  Because

16  Welltower filed this Notice of Removal within 30 days of service of the Summons and Complaint

17  (*i.e.*, on September 8, 2022), this Notice of Removal is timely as a matter of law.

18  ## V.     PLAINTIFF ASSERTS A CLASS ACTION

19  Plaintiff brings this lawsuit as a class action.  The Complaint in the State Court Action

20  itself is titled "CLASS ACTION COMPLAINT," Plaintiff states in the first paragraph that she

21  brings this action "on Plaintiff's own behalf and on behalf of a putative class of California citizens

22  who are and were employed by Defendants as non-exempt employees throughout California" and

23  further states that "[t]he Class consists of Plaintiff and all other persons who have been employed

24  by any Defendants in California as an hourly-paid, non-exempt employee during the statute of

25  limitations period applicable to the claims pleaded here."  Ex. A, ¶ 6.

26  Accordingly, CAFA applies.  *See Bodner v. Oreck Direct, LLC*, No. C 0604756, 2006 WL

27  2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiffs' complaint alleges that

28  the action is a class action, and recites the prerequisites to a class action under … California Code

1  of Civil Procedure Section 382").

2      Plaintiff seeks to represent a class of "all California citizens currently or formerly

3  employed by Defendants as non-exempt employees in the State of California at any time between

4  January 3, 2018 and the date of class certification."  Ex. A, ¶ 20.  Additionally, Plaintiff seeks to

5  represent "all members of the Class who separated their employment with Defendant at any time

6  between January 3, 2019 and the date of certification."  Ex. A, ¶ 21.

7      Although Plaintiff's Complaint does not allege a specific number of persons who meet the

8  proposed class definition, based upon the Notice of Removal, Removal, and supporting documents

9  filed by Defendant Cogir Management, including the declaration of Benoit Levesque, the number

10  of individuals collectively employed by Defendant Cogir Management as non-exempt employees

11  in California at which Plaintiff was employed during the time period from January 3, 2018 to the

12  present is approximately 1,492 individuals.  *See* ECF No. 3 (hereinafter "Levesque Decl."), at ¶ 2.

13  In addition, the Waiting Time Subclass is approximately 677 individuals.  *Id.*  Thus, as defined in

14  the Complaint, the putative class exceeds 100.

15          **VI.**    **JURISDICTION BASED UPON DIVERSITY OF CITIZENSHIP**

16  **A.**    **Defendants' Citizenships Are Diverse To Plaintiff's Citizenship Under 28 U.S.C.**

        **1332(a)[1]**

17

        **1.**    **Plaintiff Is A Citizen Of California**

18

19      Plaintiff's Complaint states that she is "a resident of California and worked for

20  Defendants" at their Manteca, California location.  *See* Ex. A, ¶ 10.  Therefore, Plaintiff is

21  presumptively a citizen of the State of California.  *See Ehrman v. Cox Communications, Inc.,* 932

22  F.3d 1223, 1228 (9th Cir. 2019) (finding that removing party's "jurisdictional allegations, which

23  provided a short and plain statement of the parties' citizenships based on information and belief,

24  satisfied [its] burden of pleading minimal diversity.").

25          **2.**    **Defendants Are Not Citizens Of California**

26              **a.**    **Cogir Management Is Not A California Citizen**

27  _____

28  [1] As discussed in detail below, the amount in controversy far exceeds $75,000.  *See, infra*, Section VII.B.

18892223.1

Cogir Management is a Delaware Corporation organized as such under the laws of the State of Delaware.  Levesque Dec., at ¶¶ 4-6, Ex. A, Ex. B; *see also* ECF No. 4 (Defendant Cogir Management's Request for Judicial Notice).  As listed on its corporate filings, Cogir Management's principal place of business is and has been at all times since this action commenced, located in Newark, Delaware.  *See* Levesque Dec., at ¶ 4, Ex. A, Ex. B; ECF No. 4.

Under the Supreme Court's nerve center test, a corporation's "principal place of business" can also mean the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis.  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93 (2010).  ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"); *see also Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990) (holding that the "nerve center" is where "its executive and administrative functions are performed").  In addition to Newark, Delaware, Cogir Management maintains corporate offices in Montreal, Quebec in Canada.  Levesque Dec., at ¶ 7.  Cogir Management's high-level corporate officers (including Cogir Management's Chief Executive Officer Mathieu Duguay) direct, control and coordinate Cogir Management's activities and otherwise perform many of Cogir Management's corporate level functions from these corporate Montreal offices.  *Id.*  Thus, even under the "nerve center" test, Delaware and/or Canada emerge as Cogir Management's principal place of business.

As such, Cogir Management is a citizen of Delaware and/or Canada.  *See* 28 USC § 1332 (c)(1) (a corporation may be a dual citizen of the state where it has been incorporated and of the state where it has its principal place of business).

### b.    Welltower Is Not A California Citizen

Welltower is a limited liability company formed in Delaware with two members: (1) HCRI Tucson Properties, Inc. ("Tucson") and (2) Cogir Investments LLC ("Cogir Investments").  Levesque Dec., ¶¶ 8-11, Ex. C, Ex. D; *see also* ECF No. 4.  These LLC members are not citizens of California. Levesque Dec., ¶ 11.  Tucson is a Delaware corporation and its principal place of business is and has been at all times since this action commenced, located in Wilmington, Delaware, while Cogir Investments is a limited liability company formed in Delaware.  *Id.*  Both

Tucson and Cogir Investments maintain corporate offices and headquarters in Toledo, OH, where

Tucson and Cogir Investments' high-level officers and/or members direct, control, and coordinate

each entities respective activities.  *Id.*  None of Cogir Investments' members have offices in or

operate from California.  *Id.*

As such, Welltower is a citizen of Delaware and/or Ohio.  *See Johnson v. Columbia Props.*

*Anchorage, LP.*, 437 F.3d 894, 899 (9th Cir. 2006) (an unincorporated association, including an

LLC, has the citizenships of all of its members).

### VII.    JURISDICTION UNDER CAFA

**A.    There Is Minimal Diversity Under CAFA**

CAFA's minimal diversity requirement is satisfied when "any member of a class of

plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2)(A);

1453(b).  In other words, if any class member is diverse from any defendant, minimal diversity is

met.  28 U.S.C. § 1332(d)(2); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 n.24 (11th Cir.

2007)).  As noted above, Plaintiff is a California citizen while *both* Defendants are not California

citizens.[2]  Thus, minimal diversity is also met under CAFA.

**B.    The Amount In Controversy Far Exceeds $5,000,000[3]**

CAFA's $5,000,000 threshold for the "amount in controversy is not the same as the

---

[2] Notably, CAFA also abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes.  *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (A. Kleinfeld, concurring) ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes"); *Moss v. Infinity Ins. Co.*, 2015 WL 7351395, at *2 (N.D. Cal. Nov. 20, 2015).  Rather, for purposes of diversity jurisdiction under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).  Welltower is not a California citizen under CAFA for the additional reason that it is a Delaware limited liability corporation with its principal place of business in Ohio.  *See* Levesque Dec., ¶¶ 8, 11, Ex. C, Ex. D; *see also* ECF No. 4.

[3] The alleged damage calculations set forth in the instant Notice of Removal are provided for purposes of removal only and based on the presumption of truth to which Plaintiff's allegations are entitled.  Welltower denies that Plaintiff or any putative class member is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's claims and their alleged damages at every stage of this case.

amount ultimately recovered." *Lara v. Trimac Transp. Servs. Inc.*, No. CV 10- 4280-GHK JCx, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010). Rather, in assessing the amount in controversy, courts must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005). After all, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Moreover, when a defendant's calculations are "relatively conservative, made in good faith, and based on evidence whenever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000." *Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 999, 1004 (C.D. Cal. 2009). As demonstrated below, Welltower's calculations are relatively conservative, made in good faith, based on evidence to the extent possible, and based on reasonable assumptions derived from the Complaint.

In calculating the amount in controversy, the claims of class members may be aggregated to determine whether the amount in controversy has been satisfied. 28 U.S.C. § 1332(d)(6).

Plaintiff's Complaint does not allege the total amount in controversy. However, as demonstrated herein, Plaintiff's allegations, when accepted as true, place more $5,000,000 in controversy in this lawsuit. By demonstrating that the amount in controversy exceeds the CAFA threshold, Welltower in no way concedes the validity of Plaintiff's claims in any respect or the likelihood that Plaintiff will obtain certification or recover anything.

In determining the amount in controversy to support its Notice of Removal, Welltower relies on a conservative estimate of the amount in controversy based only on damages sought by Plaintiff as a result of the alleged: (1) minimum wage violations; (2) overtime violations; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to reimburse business expenses; (6) failure to provide accurate itemized wage statements; (7) failure to pay timely wages

-10-

18892223.1

during employment; and (8) failure to pay all wages due upon separation of employment.  The amount in controversy for these claims satisfy the jurisdictional minimum requirement of $5 million.

### 1.    Alleged Overtime Violations

With regard to Plaintiff's claim for overtime wage violations, Plaintiff broadly alleges that she and the putative class members were entitled to receive overtime wages for compensation and Defendants failed to pay Plaintiff and the putative class members overtime wages for all hours worked.  Ex. A, ¶¶ 52, 1-4.  Plaintiff's Complaint is devoid of any factual allegations supporting this claim and lacks any specificity, as it fails to even allege how many hours she and the putative class members worked without being compensated overtime wages.

While Plaintiff does not allege how long she and others spent working off the clock, Welltower conservatively estimates that each potential class member worked an additional 30 minutes of unpaid overtime per putative class member per week.

In this matter, there is a four-year statute of limitations for this claim.  Cal. Civ. Proc. Code § 338(a); Cal. Bus. & Prof. Code § 17208.  Between January 3, 2018 and September 7, 2022, Cogir Management employed approximately 1,492 non-exempt employees in California.  Levesque Dec., ¶ 2.  Cogir Management pays its non-exempt employees biweekly.  *Id.* ¶ 3.  Accordingly there are 26 pay periods per year.  The average hourly rate for class members during the class period was approximately $15.00, and is the hourly rate used for all calculations in this Notice of Removal.  *Id.*  During the proposed class period, the potential class members worked approximately 53,276 workweeks or 26,638 pay periods.  *Id.* at ¶ 2.

Plaintiffs' allegations with respect to her overtime claims do not adequately state the number of hours of overtime worked, the amount of overtime owed, or even whether the putative class members were denied the whole of the time-and-a-half (1.5x) their regular rate owed or, instead, whether they were paid straight time for hours worked beyond eight (8) or twelve (12) in a day or forty (40) in a week.  Accordingly, for purposes of these calculations, Welltower assumes Plaintiff and the putative class are only seeking the remaining half-time of their regular rate of pay.  Ex. A, ¶¶ 44-55.

A reasonable estimate of the amount in controversy for Plaintiff's unpaid overtime wages claim of one hour of unpaid overtime per pay period. *Gant v. ALDI, Inc*., 2020 WL 1329909, at *5 (C.D. Cal. March 20, 2020) ("For the unpaid overtime claim, Defendants used a violation rate of one hour of unpaid overtime per week. This assumption is reasonable in light of the Complaint, whose allegations lack specificity"); *Wheatley*, 2019 WL 688209, at *5 (C.D. Cal. Feb. 19, 2019) (finding an estimate of one hour per class member per week appropriate where Plaintiff alleged a "a pattern and practice" of overtime violations); *Stanley v. Distribution Alternatives, Inc*., 2017 WL 6209822, at *2 (C.D. Cal. Dec. 7, 2017) (denying motion to remand where, "[f]or the at-controversy overtime wages, [defendant] assumes that each of the class members worked two hours of overtime each week during the class period"); *Patel v. Nike Retail Servs., Inc*., 58 F.Supp.3d 1032, 1042 (N.D. Cal. 2014) (finding appropriate the assumption that each class member is owed one hour of overtime compensation per week where the complaint alleged overtime violations occurred "regularly").

Using only an even more conservative estimate of 30 minutes of unpaid overtime per putative class member per workweek, the approximate overtime liability is **$599,355** (53,276 [estimated number of workweeks for non-exempt employees collectively worked] x 1.5 [premium OT rate] x $15.00 [average hourly rate] x .5 [for 30 minutes]).

**2.    Alleged Meal Period Violations**

For every day an employee works six (6) or more hours and the employer fails to provide a 30-minute uninterrupted meal period prior to their fifth of work, or works ten (10) or more hours and the employer fails to provide a second 30-minute uninterrupted meal period, the employee is entitled to a premium payment equal to a full hour of pay at the employee's regular rate of pay. Lab. Code § 226.7(c).

With respect to Plaintiff's meal period claim, Plaintiff alleges that she and the Putative Class Members did not receive compliant meal periods for working more than five (5) and/or ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal. Ex. A, ¶¶ 56-64s. And that Defendants failed to provide Plaintiff and the Class with both meal periods. *Id*. Plaintiff seeks to recover unpaid meal

period premium payments.  Ex. A, ¶ 52.

Based on the allegations of the Complaint, assuming each potential class member is entitled to one hour of premium pay per work week for the alleged non-provision of meal periods, the amount in controversy on this claim would equal no less than **$799,855.00** ($15.00/hour x [estimated number of workweeks for non-exempt employees collectively worked]).

These estimates are very conservative.  Welltower assumes only one meal period violation for each workweek, per employee, even though Plaintiff alleges employees had a meal period violation at "all relevant times."  *See* Ex. A, ¶ 63.

### 3.    Alleged Rest Period Violations

For every day an employee works three and a half (3.5) or more hours and the employer fails to provide at least a 10-minute uninterrupted rest period, or works six (6) or more hours and the employer fails to provide a second at least 10-minute uninterrupted rest period, the employee is entitled to a premium payment equal to a full hour of pay at the employee's regular rate of pay. Lab. Code § 226.7(c). With respect to Plaintiff's rest period claim, Plaintiff alleges that she and the Putative Class Members did not receive compliant rest periods for working more than four (4) and/or six (6) hours per day.  Ex. A, ¶ 65-71.  Plaintiff seeks to recover unpaid rest period premium payments. Ex. A, ¶ 70-71.

Based on the allegations of the Complaint, assuming each potential class member is entitled to one hour of premium pay per work week for the alleged non-provision of rest periods, the amount in controversy on this claim would equal no less than **$799,855.00** ($15.00/hour x [estimated number of workweeks for non-exempt employees collectively worked]).

These estimates are very conservative.  Welltower assumes only one rest period violation for each workweek, per employee.

### 4.    Failure to Provide Accurate Itemized Wage Statements

Based on the allegations of the Complaint and approximately, 26,638 pay periods, the amount of controversy for Plaintiff's Itemized Wage Statement claim is approximately **$2,595,200** (1,492 pay periods at $50 and 25,206 pay periods at $100).  *See* Levesque Dec, ¶ 2.  *See* Lab. Code § 226(e)(1) ("An employee suffering injury as a result of a knowing and intentional failure

by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) . . . ).

### 5.    Waiting Time Penalties

There are approximately 677 Waiting Time Subclass Members.  Levesque Dec., ¶ 2. Based on the allegations of the Complaint, the amount in controversy on this claim would equal no less than **$2,437,200.00** (assuming a standard 8 hour shift [$15.00 x 30 days x 8 x 677]). *See* Lab. Code § 203 ("wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced").

### 6.    Attorney's Fees

Attorney's fees may also be included in the amount in controversy where the underlying statute authorizes an award of fees.  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013).  Here, Plaintiff is seeking attorney's fees with respect to all causes of action.  (Ex. A, p. 20, at Prayer for Relief).

The Ninth Circuit has recognized 25% as an appropriate benchmark for attorney's fee awards in class action cases.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under that benchmark, and based on the demonstrated amount in controversy for causes action one through eight, it is reasonable to place the attorneys' fees in controversy at 25% of the alleged damages, which would equal: **$1,807,866.25**.

### 7.    Plaintiff's Other Claims Further Increase the Amount in Controversy

Plaintiff seeks injunctive relief to ensure compliance with the alleged California Labor Code violations of which she complains.  (Ex. A, p. 20, at Prayer for Relief).  Defendants have not yet quantified the costs of compliance with any such injunction, this would also increase the amount in controversy.  *In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2011), *see also Pagel v. Dairy Farmers of Am., Inc*., 986 F.Supp.2d 1151, 1161 (C.D. Cal. 2013) [cost of complying with injunction may be aggregated for CAFA purposes].)

Plaintiff's Complaint also seeks "any additional relief that the Court deems just and proper." Ex. A, p. 20, at Prayer for Relief. Although uncertain in amount, this open-ended relief sought by Plaintiff only serves to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp*., 348 F.Supp.2d 932, 932-43 (W.D. Tenn. 2004) [the "open-ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she pled in the complaint that she did not assert a claim in excess of $75,000]. Accordingly, it is reasonable to assume that the amount-in-controversy in this case would even further exceed $5 million.

**C.    Summary of Amount in Controversy**

In sum, the amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332(a) ($75,000.00) and CAFA jurisdiction ($5,000,000.00) are also met. The allegations in Plaintiff's Complaint demonstrate that Plaintiff and the putative class place in controversy the following amounts:

| | |
|---|---|
| Minimum Wage Violations: | Not included |
| Overtime Violations: | $599,355.00 |
| Meal Period Violations: | $799,855.00 |
| Rest Period Violations: | $799,855.00 |
| Failure to Reimburse: | Not included |
| Waiting Time Penalties: | $2,437,200.00 |
| Itemized Statements: | $2,595,200.00 |
| Injunctive Relief: | Not included |
| Other Relief: | Not included |
| Civil Penalties under the UCL: | Not included |
| SUB-TOTAL | $7,231,465 |
| Attorney's Fees at 25%: | $1,807,866.25 |
| **GRAND TOTAL** | **$9,039,331.25** |

*///*

## VIII.    NOTICE TO STATE COURT AND TO PLAINTIFF

Welltower will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California for the County of San Joaquin.  A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of San Joaquin as required under 28 U.S.C. § 1446(d).

## IX.    CONSENT TO REMOVAL BY REMAINING NAMED AND SERVED DEFENDANTS

Named and served Co-Defendant Cogir Management[4] has agreed to removal of this action. Doe Defendants do not need to be joined in this Notice of Removal.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

## X.    CONCLUSION

WHEREFORE, Welltower respectfully requests that this action now proceed against it in this Court as an action properly removed.

DATED:  September 8, 2022                HANSON BRIDGETT LLP


By:_____/s/ Winston K. Hu_____
                DIANE MARIE O'MALLEY
                WINSTON K. HU
                Attorneys for Defendant
                WELLTOWER COGIR TENANT, LLC

---

[4] Defendant Cogir Management separately filed its Notice of Removal and Removal on September 7, 2022 as it was served one day prior to Welltower. *See* ECF No. 1 at p. 4:17-20.

-16-

# EXHIBIT 1

1   **AEGIS LAW FIRM, PC**
    SAMUEL A. WONG, State Bar No. 217104
2   KASHIF HAQUE, State Bar No. 218672
    JESSICA L. CAMPBELL, State Bar No. 280626
3   9811 Irvine Center Drive, Suite 100
    Irvine, California 92618
4   Telephone: (949) 379-6250
    Facsimile: (949) 379-6251
5   Email: jcampbell@aegislawfirm.com

6   Attorneys for Plaintiff Xenia Cesilia De Alba, individually,
7   and on behalf of all others similarly situated.

8

9

10

11  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12  **FOR THE COUNTY OF SAN JOAQUIN**

13  XENIA CESILIA DE ALBA, individually    C    STK-CV-UOE-2022- 5540
14  and on behalf of all others similarly
    situated,                                   **CLASS ACTION COMPLAINT FOR:**
15
                Plaintiffs,                      1.  Failure to Pay Minimum Wages;
16
                                                2.  Failure to Pay Overtime Wages;
17         v.
                                                3.  Failure to Provide Meal Periods;
18  COGIR MANAGEMENT USA INC.;                   4.  Failure to Permit Rest Breaks;
    WELLTOWER COGIR TENANT, LLC;
19  and DOES 1 through 20, inclusive,            5.  Failure to Reimburse Business Expenses;

20              Defendants.                      6.  Failure to Provide Accurate Itemized Wage
21                                                   Statements;
22                                              7.  Failure to Pay Wages Timely During
                                                    Employment;
23
                                                8.  Failure to Pay All Wages Due Upon
24                                                  Separation of Employment; and
25                                              9.  Violation of Business and Professions
26                                                  Code §§ 17200, et seq.
27                                              **DEMAND FOR JURY TRIAL**
28

CLASS ACTION COMPLAINT

FILED
SUPERIOR COURT-STOCKTON

2022 JUN 30 PH 3: 45

BRANDCH E / RILSY. CLERK

BY _____  DEPUTY

$1435.00  # 751617

BY FAX

Plaintiff Xenia Cesilia De Alba, individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.     Plaintiff Xenia Cesilia De Alba ("Plaintiff") brings this putative class action against defendants Cogir Management USA Inc., Welltower Cogir Tenant, LLC, and DOES 1 through 20, inclusive (collectively, "Defendants"), on Plaintiff's own behalf and on behalf of a putative class of California citizens who are and were employed by Defendants as non-exempt employees throughout California.

2.     Defendants provide services or goods throughout California.

3.     Through this action, Plaintiff alleges that Defendants engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.     Plaintiff is informed and believe, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

      (a)    failing to pay all wages (including minimum wages and overtime wages);

      (b)    failing to provide lawful meal periods or compensation in lieu thereof;

      (c)    failing to authorize or permit lawful rest breaks or provide compensation in lieu thereof;

      (d)    failing to reimburse necessary business-related costs;

      (e)    failing to provide accurate itemized wage statements;

      (f)    failing to pay wages timely during employment; and

      (g)    failing to pay all wages due upon separation of employment.

5.     Plaintiff seeks monetary relief against Defendants on behalf of herself and all others similarly situated in California to recover, among other things, unpaid wages, un-reimbursed business expenses, benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198, 2800, and 2802, and Code of California Civil Procedure § 1021.5.

-1-

1    ///

2    **JURISDICTION AND VENUE**

3    6.    This is a class action pursuant to California Code of Civil Procedure § 382. The

4    monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of

5    the Superior Court and will be established according to proof at trial.

6    7.    This Court has jurisdiction over this action pursuant to the California

7    Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes

8    except those given by statutes to other courts. The statutes under which this action is brought do

9    not specify any other basis for jurisdiction.

10    8.    This Court has jurisdiction over all Defendants because, upon information and

11    belief, they are citizens of California, have sufficient minimum contacts in California, or

12    otherwise intentionally avail themselves of the California market so as to render the exercise of

13    jurisdiction over them by the California courts consistent with traditional notions of fair play and

14    substantial justice.

15    9.    Venue is proper in this Court because, upon information and belief, Defendants

16    reside, transact business, or have offices in this county, and the acts and omissions alleged herein

17    took place in this county.

18    **THE PARTIES**

19    10.    Plaintiff is a resident of California and worked for Defendants during the relevant

20    time periods as alleged herein.

21    11.    Plaintiff is informed and believes, and thereon alleges that at all times hereinafter

22    mentioned, Defendants were and are subject to the Labor Code and IWC Wage Orders as

23    employers, whose employees were and are engaged throughout this county and the State of

24    California.

25    12.    Plaintiff is unaware of the true names or capacities of the defendants sued herein

26    under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this

27    Complaint and serve such fictitiously named defendants once their names and capacities become

28    known.

-2-

CLASS ACTION COMPLAINT

13.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

14.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

15.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

16.     At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

### CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action under Code of Civil Procedure § 382 on Plaintiff's own behalf and on behalf of all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

19.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

20.     Plaintiff's proposed class consists of and is defined as follows:

-3-

1          Class

2          All California citizens currently or formerly employed by Defendants as non-

3          exempt employees in the State of California at any time between January 3, 2018[1]

4          and the date of class certification ("Class").

5     21.   Plaintiff also seeks to certify the following subclasses of employees:

6          Waiting Time Subclass

7          All members of the Class who separated their employment with Defendant at any

8          time between January 3, 2019 and the date of class certification ("Waiting Time

9          Subclass").

10    22.   Plaintiff reserves the right to modify or re-define the Class, establish additional

11    subclasses, or modify or re-define any class or subclass definition as appropriate based on

12    investigation, discovery, and specific theories of liability.

13    23.   Members of the Class and the Waiting Time Subclass described above will be

14    collectively referred to as "Class Members."

15    24.   There are common questions of law and fact as to the Class Members that

16    predominate over any questions affecting only individual members including, but not limited to,

17    the following:

18          (a)   Whether Defendants failed to pay Plaintiff and Class Members all wages

19                (including minimum wages and overtime wages) for all hours worked by

20                Plaintiff and Class Members.

21          (b)   Whether Defendants required Plaintiff and Class Members to work over

22                eight (8) hours per day, over twelve (12) hours per day, and/or over forty

23                (40) hours per week and failed to pay them proper overtime compensation

24                for all overtime hours worked.

25

26

27    [1] The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020
      pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

28
                                              -4-

1           (c)    Whether Defendants deprived Plaintiff and Class Members of timely meal

2                 periods or required Plaintiff and Class Members to work through meal

3                 periods without legal compensation.

4           (d)    Whether Defendants deprived Plaintiff and Class Members of rest breaks

5                 or required Plaintiff and Class Members to work through rest breaks.

6           (e)    Whether Defendants failed to reimburse Plaintiff and Class Members for

7                 necessary business-related costs expended for the benefit of Defendants.

8           (f)    Whether Defendants failed to provide Plaintiff and Class Members

9                 accurate itemized wage statements.

10         (g)    Whether Defendants failed to pay wages timely to Plaintiff and Class

11                Members;

12         (h)    Whether Defendants failed to timely pay the Waiting Time Subclass all

13                wages due upon termination or within seventy-two (72) hours of

14                resignation.

15         (i)    Whether Defendants' conduct was willful or reckless.

16         (j)    Whether Defendants engaged in unfair business practices in violation of

17                Business and Professions Code §§ 17200, *et seq.*

18    25.    There is a well-defined community of interest in this litigation and the proposed

19  Class and subclasses are readily ascertainable:

20         (a)    Numerosity: The Class Members are so numerous that joinder of all

21  members is impractical. Although the members of the Class are unknown to Plaintiff at this time,

22  on information and belief, the Class is estimated to be greater than fifty (50) individuals. The

23  identities of the Class Members are readily ascertainable by inspection of Defendants'

24  employment and payroll records.

25         (b)    Typicality: Plaintiff's claims (or defenses, if any) are typical of the claims

26  (or defenses, if any) of the Class Members because Defendants' failure to comply with the

27  provisions of California's wage and hour laws entitled each Class Member to similar pay,

28  benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries

1    sustained by the Class Members, because they arise out of and are caused by Defendants'
2    common course of conduct as alleged herein.

3             (c)      Adequacy: Plaintiff will fairly and adequately represent and protect the
4    interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims
5    alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed
6    class counsel, are competent and experienced in litigating large employment class actions and
7    versed in the rules governing class action discovery, certification, and settlement. Plaintiff has
8    incurred and, throughout the duration of this action, will continue to incur attorneys' fees and
9    costs that have been and will be necessarily expended for the prosecution of this action for the
10   substantial benefit of the Class Members.

11            (d)      Superiority: The nature of this action makes use of class action
12   adjudication superior to other methods. A class action will achieve economies of time, effort, and
13   expense as compared with separate lawsuits and will avoid inconsistent outcomes because the
14   same issues can be adjudicated in the same manner for the entire Class and Waiting Time
15   Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods
16   to efficiently manage this case as a class action.

17            (e)      Public Policy Considerations: Employers in the State of California violate
18   employment and labor laws every day. Current employees are often afraid to assert their rights
19   out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions
20   because they believe their former employers might damage their future endeavors through
21   negative references and/or other means. Class actions provide class members who are not named
22   in the complaint with a type of anonymity that allows for the vindication of their rights while
23   affording them privacy protections.

24                                **GENERAL ALLEGATIONS**

25            26.      At all relevant times mentioned herein, Defendants employed Plaintiff and other
26   California residents as non-exempt employees throughout California at Defendants' California
27   business location(s).

28            27.      Defendants continue to employ non-exempt employees within California.

-6-

1    28.   Plaintiff is informed and believes, and thereon alleges, that at all times herein

2    mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who

3    were knowledgeable about California's wage and hour laws, employment and personnel

4    practices, and the requirements of California law.

5    29.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

6    should have known that Plaintiff and Class Members were entitled to receive wages for all time

7    worked (including minimum wages and overtime wages) and that they were not receiving all

8    wages earned for work that was required to be performed. In violation of the Labor Code and

9    IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum

10   wages and overtime wages) for all hours worked at the correct rate and within the correct time.

11   30.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

12   should have known that Plaintiff and Class Members were entitled to receive all required meal

13   periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular

14   rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the

15   Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal periods

16   or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of

17   pay when they did not receive a timely, uninterrupted meal period.

18   31.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

19   should have known that Plaintiff and Class Members were entitled to receive all rest breaks or

20   payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay

21   when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC Wage

22   Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1)

23   additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break

24   was missed, late, or interrupted.

25   32.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

26   should have known that Plaintiff and Class Members were entitled to reimbursement and/or

27   indemnification for all necessary business expenditures or losses as a direct consequence of the

28   discharge of their duties, or of their obedience to the directions of Defendants. In violation of the

-7-

1   Labor Code and IWC Wage Orders, Plaintiff and Class Members incurred necessary business
2   expenses or losses, but were not reimbursed nor indemnified of such expenses or losses that were
3   incurred as a direct consequence of the discharge of their duties, or of their obedience to the
4   directions of Defendants.

5       33.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
6   should have known that Plaintiff and Class Members were entitled to receive itemized wage
7   statements that accurately showed the following information pursuant to the Labor Code: (1)
8   gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units
9   earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all
10  deductions, provided that all deductions made on written orders of the employee may be
11  aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for
12  which the employee is paid; (7) the name of the employee and only the last four digits of his or
13  her social security number or an employee identification number other than a social security
14  number; (8) the name and address of the legal entity that is the employer; and (9) all applicable
15  hourly rates in effect during the pay period and the corresponding number of hours worked at
16  each hourly rate by the employee. In violation of the Labor Code, Plaintiff and Class Members
17  were not provided with accurate itemized wage statements.

18      34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
19  should have known that the Waiting Time Subclass was entitled to timely payment of wages due
20  upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did
21  not receive payment of all wages within the permissible time periods.

22      35.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
23  should have known they had a duty to compensate Plaintiff and Class Members, and Defendants
24  had the financial ability to pay such compensation but willfully, knowingly, and intentionally
25  failed to do so in order to increase Defendants' profits.

26      36.    Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief
27  against Defendants on Plaintiff's own behalf and on behalf of all Class Members to recover,
28  among other things, unpaid wages (including minimum wages and overtime wages), unpaid meal

-8-

1   period premium payments, unpaid rest period premium payments, unreimbursed business

2   expenditures, interest, attorneys' fees, penalties, costs, and expenses.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

5   (Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

6       37.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

7   though fully set forth herein.

8       38.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees

9   fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser

10  wage than the minimum so fixed is unlawful.

11      39.    Plaintiff and Class Members were employees entitled to the protections of Labor

12  Code §§ 1194 and 1197.

13      40.    During the relevant time period, Defendants failed to pay Plaintiff and Class

14  Members all wages owed when Defendants did not pay minimum wage for all hours worked.

15      41.    During the relevant time period, Defendants failed to pay at least minimum wage

16  to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

17      42.    Defendants' failure to pay Plaintiff and Class Members the required minimum

18  wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class

19  Members are entitled to recover the unpaid balance of their minimum wage compensation as

20  well as interest, costs, and attorneys' fees.

21      43.    Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to

22  recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued

23  interest thereon.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME

26  (Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

27      44.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

28  though fully set forth herein.

-9-

1   45. Labor Code § 1198 and the applicable IWC Wage Order provide that it is

2 unlawful to employ persons without compensating them at a rate of pay either one and one-half

3 (1½)  or two (2) times the person's regular rate of pay, depending on the number of hours

4 worked by the person on a daily or weekly basis.

5   46. Specifically, the applicable IWC Wage Orders provide that Defendants are and

6 were required to pay overtime compensation to Plaintiff and Class Members at the rate of one

7 and one-half times (1½) their regular rate of pay when working and for all hours worked in

8 excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first

9 eight (8) hours of work on the seventh day of work in a workweek.

10   47. The applicable IWC Wage Orders further provide that Defendants are and were

11 required to pay overtime compensation to Plaintiff and Class Members at a rate of two times

12 their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in

13 a day or in excess of eight (8) hours on the seventh day of work in a workweek.

14   48. California Labor Code § 510 codifies the right to overtime compensation at one

15 and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a

16 day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh

17 consecutive day of work, and overtime compensation at twice the regular hourly rate for hours

18 worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the

19 seventh day of work in a workweek.

20   49. Labor Code § 510 and the applicable IWC Wage Orders provide that employment

21 of more than six days in a workweek is only permissible if the employer pays proper overtime

22 compensation as set forth herein.

23   50. Plaintiff and Class Members were employees entitled to the protections of

24 California Labor Code §§ 510 and 1194.

25   51. During the relevant time period, Defendants required Plaintiff and Class Members

26 to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh

27 consecutive day of work, entitling them to overtime wages.

28

-10-

1    52.    During the relevant time period, Defendants failed to pay Plaintiff and Class
2    Members overtime wages for all overtime hours worked. To the extent these hours qualify for
3    the payment of overtime wages, Plaintiff and Class Members were not paid proper overtime
4    wages.

5    53.    In violation of California law, Defendants knowingly and willfully refused to
6    perform their obligations and compensate Plaintiff and Class Members for all wages earned and
7    all hours worked.

8    54.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of
9    overtime compensation, as required by California law, violates the provisions of Labor Code §§
10   510 and 1198, and is therefore unlawful.

11   55.    Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to
12   recover their unpaid overtime and double time compensation as well as interest, costs, and
13   attorneys' fees.

14                          **THIRD CAUSE OF ACTION**

15                      **FAILURE TO PROVIDE MEAL PERIODS**

16        (Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

17   56.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
18   though fully set forth herein.

19   57.    Labor Code § 226.7 provides that no employer shall require an employee to work
20   during any meal period mandated by the IWC Wage Orders.

21   58.    Section 11 of the applicable IWC Wage Order states, "[n]o employer shall
22   employ any person for a work period of more than five (5) hours without a meal period of not
23   less than 30 minutes, except that when a work period of not more than six (6) hours will
24   complete the day's work the meal period may be waived by mutual consent of the employer and
25   the employee."

26   59.    Labor Code § 512(a) provides that an employer may not require, cause, or permit
27   an employee to work for a period of more than five (5) hours per day without providing the
28   employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

-11-

1    the total work period per day of the employee is not more than six (6) hours, the meal period may

2    be waived by mutual consent of both the employer and the employee.

3          60.    Labor Code § 512(a) also provides that an employer may not employ an employee

4    for a work period of more than ten (10) hours per day without providing the employee with a

5    second meal period of not less than thirty (30) minutes, except that if the total hours worked is no

6    more than twelve (12) hours, the second meal period may be waived by mutual consent of the

7    employer and the employee only if the first meal period was not waived.

8          61.    During the relevant time period, Plaintiff and Class Members did not receive

9    compliant meal periods for working more than five (5) and ten (10) hours per day because their

10    meal periods were missed, late, short, interrupted, and/or they were not permitted to take a

11    second meal period.

12         62.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require

13    an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of

14    compensation for each work day that a compliant meal period is not provided.

15         63.    At all relevant times, Defendants failed to pay Plaintiff and Class Members meal

16    period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b)

17    and section 11 of the applicable IWC Wage Order.

18         64.    As a result of Defendants' failure to pay Plaintiff and Class Members an

19    additional hour of pay for each day a compliant meal period was not provided, Plaintiff and

20    Class Members suffered and continue to suffer a loss of wages and compensation.

21                  **FOURTH CAUSE OF ACTION**

22                  **FAILURE TO PERMIT REST BREAKS**

23          (Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

24         65.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

25    though fully set forth herein.

26         66.    Labor Code § 226.7(a) provides that no employer shall require an employee to

27    work during any rest period mandated by the IWC Wage Orders.

28

1       67.    Section 12 of the applicable IWC Wage Order states "[e]very employer shall

2   authorize and permit all employees to take rest periods, which insofar as practicable shall be in

3   the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the

4   total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

5   fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

6       68.    During the relevant time period, Plaintiff and Class Members did not receive a ten

7   (10) minute rest period for every four (4) hours or major fraction thereof worked, including

8   working in excess of ten (10) hours in a day, because they were required to work through their

9   rest periods and/or were not authorized to take their rest periods.

10       69.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires

11   an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of

12   compensation for each work day that a compliant rest period is not provided.

13       70.    At all relevant times, Defendants failed to pay Plaintiff and Class Members rest

14   period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code §

15   226.7(b) and section 12 of the applicable IWC Wage Order.

16       71.    As a result of Defendants' failure to pay Plaintiff and Class Members an

17   additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class

18   Members suffered and continue to suffer a loss of wages and compensation.

19   **FIFTH CAUSE OF ACTION**

20   **FAILURE TO REIMBURSE BUSINESS EXPENSES**

21   (Violation of Labor Code §§ 2800, 2802)

22       72.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

23   though fully set forth herein.

24       73.    Labor Code § 2800 states that "[a]n employer shall in all cases indemnify his

25   employee for losses caused by the employer's want of ordinary care."

26       74.    Labor Code § 2802(a) states that "[a]n employer shall indemnify his or her

27   employee for all necessary expenditures or losses incurred by the employee in direct

28

-13-

1  consequence of the discharge of his or her duties, or of his or her obedience to the directions of

2  the employer . . . ."

3      75.    Labor Code § 2802(b) states that "[a]ll awards made by a court . . . for

4  reimbursement of necessary expenditures under this section shall carry interest at the same rate

5  as judgments in civil actions. Interest shall accrue from the date on which the employee incurred

6  the necessary expenditure or loss."

7      76.    Labor Code § 2802(c) states that "[f]or purposes of this section, the term

8  "necessary expenditures or losses" shall include all reasonable costs, including, but not limited

9  to, attorney's fees incurred by the employee enforcing the rights granted by this section."

10      77.    During the relevant time period, Plaintiff and Class Members incurred necessary

11  business-related costs that were not fully reimbursed by Defendants.

12      78.    In violation of Labor Code §§ 2800 and 2802, Defendants failed to reimburse or

13  indemnify Plaintiff and Class Members for their expenses due to Defendants' knowing and

14  intentional failure to reimburse necessary business expenditures in connection with Plaintiff's

15  and Class Members' work and job duties.

16      79.    As a direct result, Plaintiff and Class Members have suffered and continue to

17  suffer losses, and therefore seek complete reimbursement and indemnification of necessary

18  business expenditures or losses, interest thereon at the required rate, and all reasonable costs in

19  enforcing the rights under Labor Code § 2802, including, but not limited to attorneys' fees.

20                    **SIXTH CAUSE OF ACTION**

21      **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

22      (Violation of Labor Code § 226; Violation of IWC Wage Order)

23      80.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

24  though fully set forth herein.

25      81.    Labor Code § 226(a) requires Defendants to provide each employee with an

26  accurate wage statement in writing showing nine pieces of information, including, the following:

27  (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate

28  units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

-14-

1  deductions, provided that all deductions made on written orders of the employee may be
2  aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for
3  which the employee is paid, (7) the name of the employee and the last four digits of his or her
4  social security number or an employee identification number other than a social security number,
5  (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly
6  rates in effect during the pay period and the corresponding number of hours worked at each
7  hourly rate by the employee.

8      82.     During the relevant time period, Defendants have knowingly and intentionally
9  failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff
10 and Class Members. The deficiencies include, among other things, the failure to correctly state
11 the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the
12 number of hours worked at each hourly rate by Plaintiff and Class Members.

13     83.     As a result of Defendants' knowing and intentional failure to comply with Labor
14 Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-
15 protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury
16 pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code §
17 226(a). Plaintiff and Class Members were denied both their legal right to receive, and their
18 protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In
19 addition, because Defendants failed to provide the accurate rates of pay on wage statements,
20 Defendants prevented Plaintiff and Class Members from determining if all hours worked were
21 paid at the appropriate rate and the extent of the underpayment. Plaintiff had to file this lawsuit
22 in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses
23 and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had
24 Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also
25 delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

26     84.     Plaintiff and Class Members are entitled to recover from Defendants the greater of
27 all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty
28 dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars

-15-

1    ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding

2    four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

3         85.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and

4    Class Members from knowing, understanding, and disputing the wages paid to them and resulted

5    in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and

6    intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members

7    have suffered an injury, in the exact amount of damages and/or penalties to be shown according

8    to proof at trial.

9                **SEVENTH CAUSE OF ACTION**

10           **FAILURE TO PAY TIMELY DURING EMPLOYMENT**

11             (Violation of Labor Code §§ 204, 210)

12        86.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

13    though fully set forth herein.

14        87.    Pursuant to California Labor Code § 204, employees must be paid within a certain

15    number of days of the close of the pay period.

16        88.    During the relevant time period, Defendants failed to timely pay Plaintiffs and

17    Class Members wages earned during the pay period.

18        89.    Such a pattern, practice and uniform administration of corporate policy regarding

19    timely payment of wages as described herein is unlawful and creates an entitlement to recovery

20    by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed,

21    including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of

22    California Labor Code § 210.

23        90.    As a direct and proximate cause of these violations, Class Members have been

24    damaged, in an amount to be determined at trial.

25                 **EIGHTH CAUSE OF ACTION**

26   **FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT**

27          (Violation of Labor Code §§ 201, 202, and 203)

28

-16-

1        91.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

2   though fully set forth herein.

3        92.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee,

4   the wages earned and unpaid at the time of discharge are due and payable immediately, and that

5   if an employee voluntarily leaves his or her employment, his or her wages shall become due and

6   payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-

7   two (72) hours previous notice of an intention to quit, in which case the employee is entitled to

8   his or her wages at the time of quitting.

9        93.    During the relevant time period, Defendants willfully failed to pay the Waiting

10   Time Subclass all their earned wages upon termination, either at the time of discharge or within

11   seventy-two (72) hours of their leaving Defendants' employ.

12        94.    Defendants' failure to pay the Waiting Time Subclass all their earned wages at the

13   time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in

14   violation of Labor Code §§ 201 and 202.

15        95.    Labor Code § 203 provides that if an employer willfully fails to pay wages owed

16   immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then

17   the wages of the employee shall continue as a penalty from the due date at the same rate until

18   paid or until an action is commenced; but the wages shall not continue for more than thirty (30)

19   days.

20        96.    Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover

21   from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members'

22   regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a

23   maximum of thirty (30) days.

24                     **NINTH CAUSE OF ACTION**

25      **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

26              (Violation of Business and Professions Code §§ 17200, *et seq.*)

27        97.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

28   though fully set forth herein.

-17-

1    98.    California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of
2    unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . .
3    . ."

4    99.    A violation of California Business and Professions Code §§ 17200, *et seq.*, may
5    be predicated on a violation of any state or federal law. In the instant case, Defendants' policies
6    and practices violated state law, causing Plaintiff and Class Members to suffer and continue to
7    suffer injuries-in-fact.

8    100.    Defendants' policies and practices violated state law in at least the following
9    respects:

10           (a)    Failing to pay all wages earned (including minimum wage and overtime
11                  wages) to Plaintiff and Class Members at the proper rate and in a timely
12                  manner in violation of Labor Code §§ 204, 510, 1194, 1194.2, 1197, 1198.

13           (b)    Failing to provide compliant meal periods without paying Plaintiff and
14                  Class Members premium wages for every day said meal periods were not
15                  provided in violation of Labor Code §§ 226.7 and 512.

16           (c)    Failing to authorize or permit compliant rest breaks without paying
17                  Plaintiff and Class Members premium wages for every day said rest
18                  breaks were not authorized or permitted in violation of Labor Code §
19                  226.7.

20           (d)    Failing to reimburse Plaintiff and Class Members for necessary business-
21                  related expenses in violation of Labor Code §§ 2800 and 2802.

22           (e)    Failing to provide Plaintiff and Class Members with accurate itemized
23                  wage statements in violation of Labor Code § 226.

24           (f)    Failing to timely pay all earned wages to the members of the Waiting
25                  Time Subclass upon separation of employment in violation of Labor Code
26                  §§ 201, 202, and 203.

27    101.    As alleged herein, Defendants systematically engaged in unlawful conduct in
28    violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages

-18-

1   (minimum and overtime wages), failing to provide meal periods and rest breaks or
2   compensation in lieu thereof, failing to reimburse necessary business-related costs and
3   expenses, failing to furnish accurate wage statements, and failing to pay all wages due and
4   owing upon separation of employment in a timely manner to the Waiting Time Subclass, all in
5   order to decrease their costs of doing business and increase their profits.

6       102.    At all relevant times herein, Defendants held themselves out to Plaintiff and Class
7   Members as being knowledgeable concerning the labor and employment laws of California.

8       103.    At all times relevant herein, Defendants intentionally avoided paying Plaintiff and
9   Class Members wages and monies, thereby creating for Defendants an artificially lower cost of
10  doing business in order to undercut their competitors and establish and/or gain a greater
11  foothold in the marketplace.

12      104.    By violating the foregoing statutes and regulations as herein alleged, Defendants'
13  acts constitute unfair and unlawful business practices under California Business and Professions
14  Code §§ 17200, *et seq*.

15      105.    As a result of the unfair and unlawful business practices of Defendants as alleged
16  herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and
17  restitution in an amount to be shown according to proof at trial.

18      106.    Plaintiff seeks to enforce important rights affecting the public interest within the
19  meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged
20  herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members,
21  and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class
22  Members are entitled to an award of attorneys' fees pursuant to California Code of Civil
23  Procedure § 1021.5.

24                           **PRAYER FOR RELIEF**

25      On Plaintiff's own behalf and on behalf of all others similarly situated, Plaintiff prays
26  for relief and judgment against Defendants, jointly and severally, as follows:

27      1.    For certification under California Code of Civil Procedure § 382 of the proposed
28  Class and any other appropriate subclass;

                                -19-

2.  For appointment of Xenia Cesilia De Alba as class representative;

3.  For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4.  For compensatory damages in an amount according to proof at trial;

5.  For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, unreimbursed expenses, benefits, and penalties;

6.  For economic and/or special damages in an amount according to proof at trial;

7.  For liquidated damages pursuant to Labor Code § 1194.2;

8.  For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9.  For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10. For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11. For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12. For pre-judgment interest;

13. For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, Code of Civil Procedure § 1021.5 and Labor Code §§ 226(e) and 1194; and

14. For such other relief as the Court deems just and proper.

Dated: June 30, 2022                **AEGIS LAW FIRM, PC**

By: _____

Jessica L. Campbell
Attorneys for Plaintiff Xenia Cesilia De Alba

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

-20-

CLASS ACTION COMPLAINT

Dated: June 30, 2022

AEGIS LAW FIRM, PC

By: _Jessica L. Campbell_

Jessica L. Campbell
Attorneys for Plaintiff Xenia Cesilia De Alba

-21-

CLASS ACTION COMPLAINT

# EXHIBIT 2

Case 2:22-cv-01576-TLN-CKD Document 7 Filed 09/08/22 Page 43 of 62

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jessica L. Campbell, Esq. (SBN: 280826), AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100, Irvine, CA 92618 | |
| TELEPHONE NO.: 949.379.6250    FAX NO. *(Optional):* 949.379.6251<br>E-MAIL ADDRESS: jcampbell@aegislawfirm.com<br>ATTORNEY FOR *(Name):* Plaintiff Xenia Cesilia De Alba | FILED<br>SUPERIOR COURT-STOCKTON |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**
STREET ADDRESS: 180 E. Weber Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Stockton Courthouse

2022 JUN 30 PM 3:46

BRANDON RILEY, CLERK

DEPUTY

CASE NAME:
Xenia Cesilia De Alba v. Cogir Management USA Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | STK-CV-UOE-2022- 5540 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Nine
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 30, 2022

Jessica L. Campbell
_____
(TYPE OR PRINT NAME)

*Jessica L. Campbell*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

BY FAX

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
**180 E Weber Avenue**
**Stockton, CA 95202**

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

### Case Number: **STK-CV-UOE-2022-0005540**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: **12/27/2022** | Time:  8:30 AM Department:10C |
|---|---|---|
| **JUDGE**<br>THIS CASE HAS BEEN ASSIGNED TO JUDGE JAYNE LEE IN DEPARTMENT 10C FOR ALL PURPOSES, INCLUDING TRIAL | **COURT LOCATION**<br>**Stockton** | **PHONE Numbers:**<br>**Stockton: 209-992-5693**<br>**Lodi:      209-992-5522** |

[ X ] ADR & Scheduling Information is available on the court website @ sjcourts.org/self-help

1.  You must:

    a.  **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of filing of the complaint. (CRC 3.110)

    b.  **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c.  **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d.  **Collection cases** are managed pursuant to CRC 3.740.

2.  Case Management Conferences, Law and Motion and Ex Partes will be held remotely unless ordered otherwise. For telephonic appearance phone numbers, information and instructions visit @ https://www.sjcourts.org/division/civil.

3.  If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do.

4.  Courtesy Copies: Courtesy copies must be submitted as outlined in Local Rule 3-117. Courtesy copies (only) may be placed in the drop boxes located on the 10th and 11th floor. Courtesy copies can also be placed in the drop box located outside of the courthouse.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules, and forms.

Date: 06/30/2022

_Treva Parker_ ,Deputy Clerk

**NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:         FAX NO.:<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN | |
|---|---|
| ☐LODI Branch   ☐ MANTECA Branch   ☐TRACY Branch   ☐STOCKTON Branch<br>315 W. Elm St.    315 E. Center St.    475 E. 10th St.    180 E. Weber Ave.<br>Lodi, CA 95240    Manteca, CA 95336   Tracy, CA 95376   Stockton, CA 95202 | |
| Plaintiff(s)/Petitioner(s): | |
| Defendant(s)/Respondent(s): | CASE NUMBER: |

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

**Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):**

☐Voluntary Mediation                    ☐Other (specify):

☐Non-Binding Judicial Arbitration CCP 1141.12    _____

☐Binding Arbitration (private)              _____

**Case Type:** _____

**Is the Neutral you selected listed on the Court's Panel of Mediators?** ☐ Yes     ☐No

**Neutral's name and telephone number:** _____/(\_\_\_\_\_)_____

**Date/Time of ADR Session:** _____/_____a.m./p.m.  **Location of ADR Session:**_____

**Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:**

_____

_____

**Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR. Original signatures required.**

| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
|---|---|
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |

## IT IS SO ORDERED: Dated:_____

_____
Judge of the Superior Court

**An ADR Review Hearing is scheduled for** _____**at** _____**a.m/p.m. in Dept. No.** _____.

**In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.**

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Form Adopted for Mandatory Use<br>Superior Court of California, County of San Joaquin<br>Form – Sup Ct 441<br>Effective 06/2009                 Sup Crt 441 (6/09)

| Attorney or Party without Attorney:<br>Jessica L. Campbell, Esq. (SBN 280626)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618 | | For Court Use Only |
|---|---|---|
| Telephone No: 949.379.6250 | | |
| Attorney For: Plaintiff XENIA CESILIA DE ALBA,<br>individually, and on behalf of all<br>others similarly situated. | Ref. No. or File No.:<br>1136 | |

| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN JOAQUIN |
|---|
| Plaintiff: XENIA CESILIA DE ALBA, individually and on behalf of all others similarly<br>situated<br>Defendant: COGIR MANAGEMENT USA INC., et al. |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>STK-CV-UOE-2022-5540 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
    a.  Name:               Douglas Forrest
    b.  Address:            **FIRST LEGAL**
                            600 W. Santa Ana Blvd., Ste. 101
                            SANTA ANA, CA 92701
    c.  Telephone number:  (714) 541-1110
    d.  **The fee for service was:** $99.85
    e.  I am:
        (1) ☐   not a registered California process server.
        (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒   a registered California process server:
            (i)   ☐ owner  ☐ employee  ☒ independent contractor
            (ii)  Registration No: 5141
            (iii) County:  Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 08/10/2022 | |
|---|---|
| *(Date)* | *Douglas Forrest* |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

7477015
(11813211)
Page 2 of 2

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Jessica L. Campbell, Esq. (SBN 280626)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>*Telephone No:* 949. 379.6250 | *For Court Use Only*<br>FILED<br>SUPERIOR COURT<br>2022 AUG 11 PM 3: 58<br>BRANDON E. RILE 39<br>BY J. DEPUTY Parker |
| *Attorney For:* Plaintiff XENIA CESILIA DE ALBA,<br>individually, and on behalf of all<br>others similarly situated | *Ref. No. or File No.:*<br>1136 |

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN JOAQUIN

*Plaintiff:* XENIA CESILIA DE ALBA, individually and on behalf of all others similarly
situated
*Defendant:* COGIR MANAGEMENT USA INC., et al.

| PROOF OF SERVICE<br>SUMMONS | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>STK-CV-UOE-2022-5540 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Notice of
   Hearing; Stipulation and Order to Participate in Alternative Dispute Resoution (ADR) Form (Blank)

3. *a.   Party served:*   WELLTOWER COGIR TENANT, LLC
   *b.   Person served:*   Koy Saecho, Authorized Employee, CSC Lawyers Incorporating Service, Registered Agent

4. *Address where the party was served:*   2710 Gateway Oaks Dr Suite 150N, Sacramento, CA 95833

5. *I served the party:*
   a. by personal service.   I personally delivered the documents listed in item 2 to the party or person authorized to receive
                             service of process for the party (1) on *(date):* Tue, Aug 09 2022 (2) at *(time):* 08:48 AM
   (1)   [X]   (business)
   (2)   [ ]   (home)
   (3)   [ ]   (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.   [ ]   as an individual defendant.
   b.   [ ]   as the person sued under the fictitious name of *(specify)*:
   c.   [ ]   as occupant.
   d.   [X]   On behalf of *(specify):*   WELLTOWER COGIR TENANT, LLC
              under the following Code of Civil Procedure section:
              [ ] 416.10 (corporation)                       [ ] 415.95 (business organization, form unknown)
              [ ] 416.20 (defunct corporation)               [ ] 416.60 (minor)
              [ ] 416.30 (joint stock company/association)   [ ] 416.70 (ward or conservatee)
              [ ] 416.40 (association or partnership)        [ ] 416.90 (authorized person)
              [ ] 416.50 (public entity)                     [ ] 415.46 (occupant)
              [X] other:   a limited liability company



Judicial Council Form POS-010          PROOF OF                          7477047
Rule 2.150.(a)&(b) Rev January 1, 2007   SERVICE                         (11813224)
                                         SUMMONS                         Page 1 of 2

BY FAX

| Attorney or Party without Attorney:<br>Jessica L. Campbell, Esq. (SBN 280626)<br>AEGIS LAW FIRM, PC<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>Telephone No: 949. 379.6250 | | For Court Use Only |
|---|---|---|
| Attorney For:  Plaintiff XENIA CESILIA DE ALBA,<br>individually, and on behalf of all<br>others similarly situated. | Ref. No. or File No.:<br>1136 | |

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN JOAQUIN

Plaintiff:  XENIA CESILIA DE ALBA, individually and on behalf of all others similarly situated
Defendant:  COGIR MANAGEMENT USA INC., et al.

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>STK-CV-UOE-2022-5540 |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7.  **Person who served papers**
   a.  Name:               Michael Morris
   b.  Address:          FIRST LEGAL
                          600 W. Santa Ana Blvd., Ste. 101
                          SANTA ANA, CA 92701
   c.  Telephone number:    (714) 541-1110
   d.  **The fee for service was:**  $44.20
   e.  I am:
      (1)  ☐  not a registered California process server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒  a registered California process server:
         (i)  ☐ owner  ☐ employee  ☒ independent contractor
         (ii)  Registration No:  2012-33
         (iii)  County:  Sacramento

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 08/10/2022 | *[signature]* |
|---|---|
| *(Date)* | *Michael Morris* |

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

7477047
(11813224)
Page 2 of 2

FL
FIRST LEGAL

# EXHIBIT 3

1  HANSON BRIDGETT LLP
   DIANE MARIE O'MALLEY, SBN 139166
2  domalley@hansonbridgett.com
   WINSTON K. HU, SBN 306677
3  whu@hansonbridgett.com
   MARIBEL LOPEZ, SBN 340907
4  mlopez@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:    (415) 777-3200
6  Facsimile:    (415) 541-9366

7  Attorneys for Defendants
   COGIR MANAGEMENT USA INC. and
8  WELLTOWER COGIR TENANT, LLC

9

10                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                        **COUNTY OF SAN JOAQUIN**

12

13 XENIA CESILIA DE ALBA, individually and     Case No. STK-CV-UOE-2022-0005540
   on behalf of all others similarly situated,
14                                              **CLASS ACTION**
              Plaintiffs,
15                                              **DEFENDANTS COGIR MANAGEMENT**
       v.                                       **USA INC.'S AND WELLTOWER COGIR**
16                                              **TENANT, LLC'S ANSWER TO**
   COGIR MANAGEMENT USA INC.;                   **COMPLAINT**
17 WELLTOWER COGIR TENANT, LLC; and
   DOES 1 through 20, inclusive,                *Assigned for All Purposes to the Hon. Jayne*
18                                              *Lee, Department 10C*
              Defendants.
19                                              Action Filed:    June 30, 2022

20         Pursuant to Sections 431.10, *et seq.*, of the California Code of Civil Procedure, Defendant

21 COGIR MANAGEMENT USA INC. and Defendant WELLTOWER COGIR TENANT LLC

22 (collectively "Defendants") answer the Complaint of Plaintiff XENIA CESILIA DE ALBA

23 ("Plaintiff").  Defendants deny, both generally and specifically, each and every allegation of the

24 Complaint and deny that Plaintiff or putative class members are entitled to any relief whatsoever.

25                              **GENERAL DENIAL**

26         Defendants generally deny in their entirety and puts at issue each and every material

27 allegation in Plaintiff's unverified Complaint. In further answer to the Complaint, Defendants deny

28 Plaintiff, or putative class members, have suffered any damage in the manner alleged, or in any

                                          -1-

18851482.2

manner whatsoever, as a result of the alleged acts and/or omissions of Defendant, and denies Plaintiff, or putative class members, are entitled to damages of any kind or in any amount.

## SEPARATE AND AFFIRMATIVE DEFENSES

Defendants plead the following separate defenses. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

## FIRST DEFENSE

### (Failure to State a Claim and Failure to Sufficiently Allege Facts)

The Complaint does not allege facts sufficient to state a claim upon which relief may be granted as applied to Plaintiff's claims and the claims of the putative class members she seeks to represent.

## SECOND DEFENSE

### (Statute of Limitations)

Plaintiff's claims and those of the putative class are barred, in whole or in part, to the extent they allege actions barred by the applicable statutes of limitations, including but not limited to those set forth in California Code of Civil Procedure Sections 338 and 340, California Labor Code sections 203, and 226, and California Business and Professions Code Section 17208.

## THIRD DEFENSE

### (Unclean Hands/Laches)

The Complaint, and each and every cause of action alleged against Defendants therein, is barred, in whole or in part, by the equitable doctrines of laches and/or unclean hands. Plaintiff never complained to Defendants or otherwise made Defendants aware of the violations alleged in the Complaint.

## FOURTH DEFENSE

### (Waiver/Estoppel/Ratification)

Plaintiff's and the alleged putative class's Complaint, and each and every cause of action alleged against Defendants therein, is barred, in whole or in part, by the doctrines of waiver,

estoppel, and/or ratification. Plaintiff never complained to Defendants or otherwise made Defendants aware of the violations alleged in the Complaint.

## FIFTH DEFENSE

### (Compliance With Law)

Plaintiff's claims and those of the alleged putative class are barred to the extent that Defendants acted in accordance with the applicable law, state regulations, and applicable order of the California Industrial Welfare Commission in effect during the relevant time periods.

## SIXTH DEFENSE

### (Good Faith)

Plaintiff's claims and those of the alleged putative class are barred, in whole or in part, and/or recovery is precluded because Defendants' alleged acts or omissions, if any, were made in good faith, not willful, not knowing and intentional, and Defendants had reasonable grounds for believing it was acting in accordance with the law, including but not limited to any obligations under Labor Code section 226 to make, keep, and preserve adequate and accurate records of covered employees and the wages, hours, and other conditions and practices of employment, and under Labor Code section 203 to effectuate a final payment of all wages. Any Labor Code Section 203 claims are barred based on a good faith dispute as to whether any claimed premium pay or wages were owed, and Defendants' acts or omissions, if any, were not willful.

## SEVENTH DEFENSE

### (Fairness and Public Policy)

Plaintiff's claims and those of the alleged putative class are barred by the principles of fairness and public policy relating to changes in the law upon which Defendants relied during the relevant time periods.

## EIGHTH DEFENSE

### (Failure to Mitigate)

Plaintiff's claims and those of the alleged putative class are barred, in whole or in part, to the extent that they failed to make reasonable efforts to mitigate their damages, if any.

18851482.2

### NINTH DEFENSE

### (Consent)

Plaintiff's and those of the alleged putative class are barred in whole or in part by the doctrine of consent.

### TENTH DEFENSE

### (Preclusive Effect of Administrative Proceeding, Adjudication, or Relief)

Plaintiff's claims and those of the alleged putative class are barred, in whole or in part, to the extent that Plaintiff or any alleged putative class members pursued or are pursing any claim before the California Labor Commissioner, Division of Labor Standards Enforcement, or the United States Department of Labor.

### ELEVENTH DEFENSE

### (Res Judicata/ Collateral Estoppel)

Plaintiff's claims and those of the alleged putative class are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, or the doctrine barring duplicative litigation, to the extent that Plaintiff or any alleged putative class member has asserted or could have asserted the same or similar claims in any other judicial, administrative, or arbitral forum.

### TWELFTH DEFENSE

### (Release)

Plaintiff's claims and those of the alleged putative class are barred, in whole or in part, to the extent that they were parties to any settlement agreements, releases, or waivers of claims, including, but not limited to, Plaintiff's claims are barred for the time period before April 14, 2021 due to the release that Plaintiff and any alleged putative class members executed in the case entitled *Jesse Martinez And Deena Sakhel v. Cogir,* Case No. STK-CV-UOE-2020-0001215.

### THIRTEENTH DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims and those of the alleged putative class are barred, in whole or in part, to the extent that Plaintiff, or any member of the putative class she seeks to represent, have been fully paid all amounts legally owed, and by accepting the payments made to them, Plaintiff and any

-4-

18851482.2

1    alleged similarly situated individuals have effectuated an accord and satisfaction of their claims.

2                                 **FOURTEENTH DEFENSE**

3                                      **(Off Set)**

4         Plaintiff's and the alleged putative class's claims for monetary relief or restitution by

5    Plaintiff or any alleged putative class members are barred and subject to offset, in whole or in part,

6    to the extent that Plaintiff or any alleged putative class member have received premium pay for any

7    on-duty meal periods or any payments under Labor Code Section 226.7 and to the extent that the

8    same or similar claims are governed by orders, awards, or judgments issued in any other judicial,

9    administrative, or arbitral forum.

10                                **FIFTEENTH DEFENSE**

11             **(Plaintiff and Putative Class Members' Actions Bar Claims)**

12        Plaintiff's claims and those of the alleged putative class are barred, in whole or in part, to

13   the extent Plaintiff and/or putative class members failed to accurately report time worked.

14                                **SIXTEENTH DEFENSE**

15               **(No Private Right of Action Under § 204)**

16        Plaintiff's and the putative class members' seventh cause of action alleging a violation of

17   Labor Code section 204, which describes the employers requirement to pay wages on a semi-

18   monthly basis, fails to state a claim upon which relief can be granted because there is no private

19   right of action to collect penalties under section 204 in civil court. An employee must file a

20   complaint with the Labor Commissioner and seek redress through a Labor Code section 98

21   "Berman" hearing.

22                               **SEVENTEENTH DEFENSE**

23                               **(After Acquired Evidence)**

24        Defendants allege that the Complaint, and each purported cause of action contained therein,

25   is barred in whole or in part by the doctrine of after-acquired evidence.

26                                **EIGHTEENTH DEFENSE**

27                                   **(Nature of Work)**

28        Plaintiff's claims and those of the alleged putative class are barred to the extent that the

                                            -5-

1  nature of the work prevented Plaintiff or any putative class members from taking any off-duty meal

2  periods during the relevant time periods.

**NINETEENTH DEFENSE**

**(Not a Proper Class Action – No Adequate Representation – No Standing)**

5  Defendants allege that the Complaint, and each purported cause of action contained therein,

6  cannot be pursued as a class because Plaintiff cannot adequately represent the class. Thus, Plaintiff

7  and the alleged putative class' claims are barred, in whole or in part, to the extent Plaintiff lacks

8  standing to bring some or all of the claims.

**TWENTIETH DEFENSE**

**(Disregard of Compliant Policies)**

11  Defendants allege that, any claims regarding rest breaks and meal periods are barred to the

12  extent that Plaintiff and/or putative class members disregarded Defendants' policies regarding rest

13  breaks, meal periods, and recording time. To the extent they did not take a rest or meal period, it

14  was due to their voluntary choice.

**TWENTY-FIRST DEFENSE**

**(No Reimbursement Requirement for Business Expenses)**

17  Plaintiff and the alleged putative class members' claims are barred, in whole or in part, to

18  the extent that Defendants had a complaint reimbursement policy and there is no allegation that

19  Plaintiff and/or putative class members requested and/or were denied reimbursement; and even if

20  requested, there is no set time period by which Defendants must respond to a business expense

21  request if reimbursement is requested.

**TWENTY-SECOND DEFENSE**

**(On-Duty Meal Periods)**

24  Plaintiff's claims and those of the alleged putative class are barred, in whole or in part, to

25  the extent that Plaintiff and putative class members worked pursuant to on-duty meal period

26  agreements that they executed individually.

27  / / /

28  / / /

-6-

18851482.2

**TWENTY-THIRD DEFENSE**

**(Waiver of Off-Duty Meal Periods)**

Plaintiff's claims and those of the alleged putative class are barred, in whole or in part, to the extent that Plaintiff and putative class members voluntarily waived their off-duty meal periods, including for workdays in which they worked six hours or less, and for workdays in which they worked more than ten and no more than twelve hours.

**TWENTY-FOURTH DEFENSE**

**(Avoidable Consequences Doctrine)**

Defendants allege that Plaintiff's claims are barred, in whole or in part, or any recovery should be reduced, pursuant to the avoidable consequences doctrine, because Defendants took reasonable steps to prevent and correct alleged violations of wage and hour laws; Plaintiff and/or putative class members unreasonably failed to use the preventative and corrective opportunities provided by Defendants; Defendants communicated those procedures to Plaintiff and/or putative class members during their employment; Plaintiff and putative class were aware of such procedures; and reasonable use of Defendants' procedures would have prevented at least some of the harm that Plaintiff and/or putative class members allegedly suffered.

**TWENTY-FIFTH DEFENSE**

**(Lack of Typicality)**

Defendants allege that Plaintiff's claims are barred, in whole or in part, because the claims alleged by Plaintiff are neither common nor typical of those, if any, of the putative class she seek to represent.

**TWENTY-SIXTH DEFENSE**

**(Lack of Manageability)**

Plaintiff's Class Action Complaint, and each purported cause of action therein, is barred, because Plaintiff and/or putative class members cannot establish that their claims are manageable. Plaintiff will be unable to provide a feasible trial plan or limit the scope of the  claims such that the Court will not be able to achieve the orderly and expeditious disposition of the claims nor protect Defendants' due process rights.

-7-

18851482.2

**TWENTY-SEVENTH DEFENSE**

**(Lack of Class Action Requisites)**

Plaintiff's alleged class claims are barred from obtaining certification of a class on the grounds that Plaintiff cannot satisfy the prerequisites for class certification, including without limitation and not limited to, that there exists an ascertainable class and a well-defined community of interest in that common questions of law and fact predominate or are otherwise involved.

**TWENTY-EIGHTH DEFENSE**

**(Bona Fide Exemptions/Exemptions in Wage Order)**

Plaintiff's class claims, and the claims of the putative class members she seeks to represent, are barred to the extent Plaintiff relies on overtime, meal and rest period violations for which  Wage Order No. 5 provides exceptions for some, but not all putative class members, in subsections 3, 11, and 12, thus making the bringing of these claims as a class action unmanageable and/or without merit.

**TWENTY-NINTH DEFENSE**

**(Practices Not Likely to Deceive)**

Defendants allege that any recovery on any cause of action contained in the Complaint, is barred, in whole or in part, because any alleged deceptive business practice under California Business & Professions Code § 17200 are not likely to deceive.

**THIRTIETH DEFENSE**

**(Lack of Knowledge – Plaintiff's Conduct Regarding Meal and Rest Periods and Any Alleged Unpaid Overtime)**

Defendants allege that the Complaint or any cause of action regarding overtime pay, minimum wage, meal and rest periods are barred to the extent that Defendants had no knowledge or reason to know that Plaintiff and/or putative class members were working for the time  that they claim they were not paid, or that they were not receiving or taking meal and/or rest breaks in accordance with the law.

/ / /

/ / /

DEFENDANTS COGIR MANAGEMENT USA INC.'S AND WELLTOWER COGIR TENANT, LLC'S ANSWER TO COMPLAINT

18851482.2

**THIRTY-FIRST DEFENSE**

**(No Restitution)**

Defendants alleges that Plaintiff's Unfair Competition Law claim is barred, in whole or in part, because neither Section 226 penalties, Section 203 penalties, nor meal and rest premium pay payments are recoverable as restitution.

**THIRTY-SECOND DEFENSE**

**(Voluntary Choice Regarding Taking of Meal Periods)**

Defendants allege that Plaintiff's claims are barred, in whole or in part, because Defendants provided all non-exempt employees the opportunity to take meal periods in compliance with the law. To the extent Plaintiff and/or any putative class member did not take a meal period, it was due to their voluntary choice, and not due to any policy or practice of Defendants.

**THIRTY-THIRD DEFENSE**

**(Voluntary Choice Regarding Taking of Rest Periods)**

Defendants allege that Plaintiff's claims are barred, in whole or in part, because Defendants provided all non-exempt employees the opportunity to take rest periods in compliance with the law. To the extent Plaintiff and/or any putative class member did not take a rest period, it was due to their voluntary choice, and not due to any policy or practice of Defendants.

**THIRTY-FOURTH DEFENSE**

**(Compliant Wage Statements)**

Defendants allege that Plaintiff's wage statement claims are barred to the extent she claims wage statements were incorrect due to unpaid overtime, wages, and meal or rest premiums as Defendants allege the statements were fully compliant. Defendants further allege that its overtime, rest and meal break policies are fully compliant with the law and Defendants followed the law with respect to Plaintiff and each purported class member.

/ / /

/ / /

/ / /

/ / /

-9-

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Employment Relationship)

As a separate affirmative defense, Defendants allege that Defendant Welltower Cogir Tenant, LLC was not the employer of Plaintiff and any putative class member or allegedly aggrieved employees.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Acts of Others)

All or part of the damages alleged in the Complaint, if they occurred, were caused by the acts and/or omissions of other persons or entities for whose conduct Defendants were not legally responsible. Plaintiff's alleged damages, if any, are therefore not recoverable from Defendants. In the alternative, any damages that Plaintiff may be entitled to recover against Defendants, if any, must be reduced to the extent that such damages are attributable to the intervening acts and/or omissions of persons or entities other than Defendants.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Defect Or Misjoinder Of Parties)

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state facts sufficient to constitute any claim upon which relief may be granted against them based on defect or misjoinder of parties, as Defendant Welltower Cogir Tenant, LLC is not a proper party to the action. Code Civ. Proc. § 430.10(d), (e).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Joint Employer)

Plaintiff's claims are barred, in whole or in part, because Welltower Cogir Tenant, LLC did not employ Plaintiff or putative class members; it was not a single or joint employer of Plaintiff, any putative class members, or allegedly aggrieved employees; and it was not an alter ego of Plaintiff, any putative class members, or allegedly aggrieved employees' true employer.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert additional separate or affirmative defenses if Defendants become aware of the existence of such defenses arising during the course of discovery.

-10-

18851482.2

1    WHEREFORE, Defendants pray for relief as follows:

2        1.    That the Court dismiss the Complaint, with prejudice and in its entirety;

3        2.    That Plaintiff take nothing by reason of this Complaint and that the Court enter

4    judgment  against Plaintiff and in favor of Defendants;

5        3.    That the Court award Defendants their attorneys' fees and costs incurred in defending

6    this action;

7        4.    That the Court grant Defendants such other and further relief as the Court may deem

8    just and proper.

9

10    DATED:  September 7, 2022                    HANSON BRIDGETT LLP

11

12                                            By: _____

13                                                DIANE MARIE O'MALLEY
                                                 WINSTON K. HU

14                                                MARIBEL LOPEZ
                                                 Attorneys for Defendants

15                                                COGIR MANAGEMENT USA INC. and
                                                 WELLTOWER COGIR TENANT, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

18851482.2

## PROOF OF SERVICE

*Xenia Cesilia De Alba v. Cogir Management USA, Inc., et al.*
**San Joaquin Co. Superior Court Case No. STK-CV-UOE-2022-0005540**

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 500 Capitol Mall, Suite 1500, Sacramento, CA 95814.

On September 7, 2022, I served true copies of the following document(s) described as **DEFENDANTS COGIR MANAGEMENT USA INC.'S AND WELLTOWER COGIR TENANT, LLC'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

**AEGIS LAW FIRM, PC**
Samuel A. Wong, Esq.
Kashif Haque, Esq.
Jessica L. Campbell, Esq.
9811 Irvine Center Drive, Suite 100
Irvine, CA 92618
*Attorneys for Plaintiff*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the address listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 7, 2022, at Sacramento, California.

_____
DELANIE XIONG